F I L E D
United States Court of Appeals
Tenth Circuit

FEB 13 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

DAVID W. LANDRY,

        Plaintiff - Appellant,

v.

NANCY SMITH, Director, United
States Department of Agriculture,
National Appeals Division; GLEN
MILLER, JR., Hearing Officer,
United States Department of
Agriculture, National Appeals
Division; ERNEST M. RENFROW,
County Supervisor, Farmers Home
Administration (FmHA)/Rural
Economic and Community
Development (RECD),

        Defendants - Appellees.

No. 02-7075
D.C. No. 01-CV-711-S
(E. D. Oklahoma)

---

ORDER AND JUDGMENT

---

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(f). The case is therefore ordered submitted

without oral argument. This order and judgment is not binding precedent, except

under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Plaintiff David Wayne Landry was denied a loan from the Farm Service Agency of the United States Department of Agriculture (USDA) because the Natural Resources Conservation Service (NRCS) characterized his site as a wetland, ineligible for the requested loans. A hearing officer reviewed and affirmed the wetland characterization. The Director of the National Appeals Division (NAD) of the USDA (the "Director") upheld the hearing officer's decision.

Plaintiff brought suit in the United States District Court for the Eastern District of Oklahoma challenging the NRCS's wetland determination and the Director's subsequent approval. *See Landry v. Cooper*, No. 97-596-S (E.D. Okla. May 4, 1998) ("*Landry I*"). The district court found that "the NRCS's wetland determination was supported by substantial evidence and was not otherwise arbitrary, capricious, or an abuse of the agency's discretion." *Id.* at 5. It also found, "[T]he NRCS's determination that no exemption applies . . . is . . . supported by the record." *Id.* at 6. As a result, both the NRCS determination and

the Director's decision were upheld. This court affirmed. *Landry v. Cooper*, No. 98-7077 (10th Cir. Mar. 15, 1999).

Plaintiff brought a second action challenging the Secretary of the USDA's failure to implement a decision of the National Appeals Staff. Plaintiff asserted that the decision, if implemented, would have allowed the USDA to issue him a loan. *See Landry v. Glickman*, No. 99-165-S (E.D. Okla. July 7, 1999) ("*Landry II*"). The district court found the suit barred because, in accordance with *Landry I*, the property was a wetland and the Secretary was prohibited from making loans to disturb wetlands. Plaintiff's appeal was dismissed as untimely. *Landry v. Glickman*, No. 99-7130 (10th Cir. Feb. 3, 2000).

In October 2000 Plaintiff filed a third action asking the court to find that he was entitled to a wetland exception that would have allowed him to secure a USDA loan. *See Landry v. Glickman*, No. CIV-00-546-S (E.D. Okla. May 29, 2001) ("*Landry III*"). The district court dismissed the case on the basis of res judicata. The Tenth Circuit affirmed. *Landry v. Veneman*, No. 01-7121 (10th Cir. May 30, 2002).

Plaintiff then filed the current action, *Landry v. Smith*, No. CIV-01-711-S (E.D. Okla. Apr. 11, 2002) ("*Landry IV*"), challenging the manner in which his loan application was processed and the Director's approval of the hearing

-3-

officer's determination. Again, the district court dismissed the case on the basis of res judicata.

On appeal Plaintiff claims that the district court erred when it (1) granted Defendants' motion to dismiss without first requiring an answer to be served, and (2) exercised subject matter jurisdiction despite Plaintiff's alleged failure to exhaust his administrative remedies. In his reply brief he also argues that res judicata does not apply because each action challenged the conduct of a separate agency. He contends that Defendants' answer brief "is another attempt to re-litigate it's [sic] affirmative defense of res judicata against [Plaintiff's] previously [sic] claims, thereby continuing to burden and abuse the judicial process by filing frivolous affirmative defenses . . . ." Aplt. Reply Br. at 1.

We review de novo a district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *County of Santa Fe v. Public Serv. Co. of N.M.*, 311 F.3d 1031, 1034 (10th Cir. 2002). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

## I. The Pre-Answer Motion

Rule 12(a) gives a federal governmental defendant 60 days in which to answer a plaintiff's complaint. Fed. R. Civ. P. 12(a)(3)(A)-(3)(B). In this case the governmental defendants never answered Plaintiff's complaint. Instead, they moved to dismiss under Federal Rule of Civil Procedure 12(b)(6). The district

court granted their motion. Plaintiff asserts that Defendants defaulted when they failed to answer his complaint within the 60-day period.

The 12(b)(6) defense may be raised in a pre-answer motion. Fed. R. Civ. P. 12(b). "Unless a different time is fixed by court order, the service of a [12(b)(6)] motion . . . alters the[] period[] of time [for filing an answer]." Fed. R. Civ. P. 12(a)(4). "[I]f the court denies the motion . . . , the [answer must] be served within 10 days after notice of the court's action." Fed. R. Civ. P. 12(a)(4)(A). If the court grants the motion, as it did here, the plaintiff's action is dismissed, and an answer is no longer necessary. Thus, Defendants did not default.

## II. Subject Matter Jurisdiction

Plaintiff claims that he failed to exhaust his administrative remedies and that therefore the court in this action, as well as the courts in the three previous actions, lacked subject matter jurisdiction. Because Plaintiff failed to raise this issue in the district court, we consider it only to the extent that it implicates jurisdiction in this case. *See Sac and Fox Nation v. Hanson*, 47 F.3d 1061, 1063 (10th Cir. 1995). Whether the courts in *Landry I*, *Landry II*, and *Landry III* had subject matter jurisdiction, while potentially relevant to the application of the doctrine of res judicata, has no bearing on jurisdiction in this case. Accordingly, we do not address whether jurisdiction was present in Plaintiff's earlier actions. We are concerned solely with the district court's jurisdiction in *Landry IV*.

The district court's power to review the Director's decision derived from 7 U.S.C. § 6999, which reads, "A final determination of the [National Appeals] Division shall be reviewable and enforceable by any United States district court of competent jurisdiction in accordance with chapter 7 of Title 5." Under this statute the district court had subject matter jurisdiction if the Director's decision was "final." The Supreme Court has explained the finality requirement as follows:

> As a general matter, two conditions must be satisfied for agency action to be final: First, the action must mark the consummation of the agency's decisionmaking process—it must not be of a merely tentative or interlocutory nature. And second, the action must be one by which rights or obligations have been determined, or from which legal consequences will flow.

*Bennett v. Spear*, 520 U.S. 154, 177-78 (1997) (citations and internal quotation marks omitted). The NAD decision at issue here explicitly states, "This concludes the administrative appeal of this case." ROA at 15. Moreover, it appears to dispose of Plaintiff's claims fully. Plaintiff does not explain in what way the NAD decision was not final or how he failed to exhaust his administrative remedies. We therefore conclude that the district court had subject matter jurisdiction to resolve Plaintiff's claim.

**III. Res Judicata**

Because he did not raise the issue until his reply brief, we need not address Plaintiff's argument that the elements of res judicata have not been established. *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000). In any event, the issue was thoroughly and correctly addressed in the district court's orders in *Landry III* and *Landry IV.*

We AFFIRM.

Entered for the Court


Harris L Hartz
Circuit Judge